E-FILED
Friday, 04 August, 2017  03:55:58 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES FEDERAL DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS

### ROCK ISLAND DIVISION

DONNA J. BENSENBERG,

        Plaintiff,

   vs.

CHRYSLER dba FIAT CHRYSLER
AUTOMOBILES US LLC, AND DOES 1-
100,

      Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

**CAUSES OF ACTION**:

1. **STRICT LIABILITY MANUFACTURING DEFECT**
2. **STRICT LIABILITY DESIGN DEFECT**
3. **STRICT LIABILITY-FAILURE TO WARN**
4. **NEGLIGENCE-FAILURE TO WARN**
5. **NEGLIGENCE-RECALL, RETROFIT**
6. **NEGLIGENCE**
7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**JURY TRIAL DEMANDED**

## Contents

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. NATURE OF CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. PARTIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V. DOE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    MS. DONNA BENSENBERG's Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

VII. NOTICE TO CHRYSLER OF DEFECTIVE RESTRAINT SYSTEM . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VIII. EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    Fraudulent Concealment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IX. FIRST CAUSE OF ACTION STRICT LIABILITY MANUFACTURING DEFECT . . . . . . . . . . . . . . . . . 11

X. SECOND CAUSE OF ACTION STRICT LIABILITY DESIGN DEFECT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XI. THIRD CAUSE OF ACTION STRICT LIABILITY FAILURE TO WARN . . . . . . . . . . . . . . . . . . . . . . . . . 13

XII. FOURTH CAUSE OF ACTION NEGLIGENT FAILURE TO WARN  . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

XIII. FIFTH CAUSE OF ACTION NEGLIGENCE - RECALL/RETROFIT . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

XIV. SIXTH CAUSE OF ACTION NEGLIGENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XV. SEVENTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS . . . . . . . . . . . 17

XVII. PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Plaintiff alleges as follows:

## I. INTRODUCTION

1.  This complaint is brought by Plaintiff DONNA BENSENBERG who suffered severe and permanent injuries when the airbags installed in her CHRYSLER dba FIAT CHRYSLER AUTOMOBILES US LLC ("CHRYSLER") 2008 Chrysler Aspen failed to deploy on impact during an accident. Plaintiff Ms. DONNA BENSENBERG brings this lawsuit for disfiguring and permanent injuries. Plaintiff's products liability action is for damages, injuries, losses, and harms caused by the defective airbag system in Ms. BENSENBERG's 2008 Chrysler Aspen vehicle. Defendant CHRYSLER's airbag system failed to deploy during an incident where Ms. BENSENBERG lost consciousness and drove off the road into a ditch at a speed of approximately 55 mph, causing MS. BENSENBERG severe injuries including, but not limited to, a broken neck, concussion, injury to her wrist, chest pain, facial abrasions.

## II. NATURE OF CLAIM

2.  Plaintiff DONNA BENSENBERG brings this action on behalf of herself, based on personal knowledge, and upon information and belief as to all other matters, and alleges as follows:

3.  CHRYSLER dba FIAT CHRYSLER AUTOMOBILES U.S. LLC, as the manufacturer of the subject vehicle and seller of the subject defective airbags, has a duty under law to take all necessary steps to ensure that its products function as intended and warranted, as the difference between life and death or severe injuries lies in the adherence to these legal duties. Defendant CHRYSLER's airbags must function in an accident as represented, manufactured and designed for the intended purpose. Defendant CHRYSLER placed profits before safety in the design.

4.  Airbags are meant to inflate rapidly during an automobile collision. The airbag's purpose is to cushion occupants during a crash and provide protection to their bodies when they strike objects in the vehicle such as the steering wheel, dash board, or windshield. When people operate a motor vehicle or ride in one as a passenger, they trust and rely on the manufacturers of these motor vehicles to make the vehicles safe. One of the central safety features of any motor vehicle is the airbag.

5.  Airbags must deploy effectively on impact at the time of a vehicle accident such as a collision. To accomplish the immediate deployment, the airbag's triggers and wires are connected to the airbag systems with highly conductive metals, and the airbag systems use small explosive charges to immediately inflate the airbags upon being triggered.

6.  The CHRYSLER defective airbags installed in the 2008 Chrysler Aspen do not deploy upon impact. Defendant CHRYSLER knew of the airbag defect at least since 2009 when, on January 5, 2009, a complaint was sent to National Highway Traffic Safety Association ("NHTSA") that stated the following, "Incident Date: December 31, 2008 Summary of Complaint: Hit a deer traveling at over 50 mph head on and the airbags did not deploy. Damage to the car was extensive including the front bumper, grill and headlights. The deer was estimated to weigh over 200lbs. My wife and 2 small children were in the car, everyone is fine but it dawned on us afterward that the airbags did not deploy. We are concerned about the future and the functionality of the safety features of our vehicle. I have written Chrysler and have not gotten a response. *Trb"

### III. JURISDICTION AND VENUE

7.  The jurisdiction of this Court over the subject matter in this action is predicated upon Diversity Jurisdiction, 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8.  This Court has personal jurisdiction over Plaintiff because Plaintiff submits to the Court's jurisdiction. This Court has personal jurisdiction over Defendant CHRYSLER because CHRYSLER conducts substantial business in this District, some of the actions giving rise to the complaint took place in this District, and some of Plaintiffs' claims arise out of Defendant operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; committing a tortious act in this state; and causing injury to property in this state arising out of Defendants' acts and omissions outside this state; and at or about the time of such injuries Defendants were engaged in solicitation or service activities within this state or products, materials, or things processed, serviced, or manufactured

by the Defendants anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District, the Defendants have caused harm to Plaintiff residing in this District and the Defendants are residents of this District under 28 U.S.C. § 1391(c) (2) because they are subject to personal jurisdiction in this district.

## IV. PARTIES

10. Plaintiff, DONNA BENSENBERG, (herein after "MS. BENSENBERG"), at all relevant times, owned and was operating a 2008 Chrysler Aspen, VIN# 1A8HW58N28F157092.

11. Defendant CHRYSLER dba FIAT CHRYSLER AUTOMOBILES US LLC. (*hereinafter "CHRYSLER"*) was and is a corporation doing business within the County of Henry, in the State of Illinois, with its principal place of business in Detroit, Michigan.

12. At all times relevant hereto, Defendant CHRYSLER dba FIAT CHRYSLER AUTOMOBILES US LLC has operated, manufactured and distributed vehicles in and around the County of Henry, in the State of Illinois.

13. Defendant was an agent of Defendant Does 1-100, and in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## V. DOE DEFENDANTS

14. The true names and capacities, whether individual, corporation, associate or otherwise, of Defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiff, and therefore said Defendants are sued under fictitious names. Plaintiff is informed and believes, and based thereon alleges that said unknown Defendants, and each of them, individually and collectively, are responsible for the wrongful acts alleged herein and, therefore, liable to Plaintiff as alleged herein. Unless otherwise indicated, each Defendant was acting in the course and scope of said agency and or employment, with the knowledge and/or consent of said

Defendant. Plaintiff will seek to amend this complaint to allege the true names and capacities of these Doe Defendants when they are ascertained.

## VI. STATEMENT OF FACTS

15. On or about September 10, 2015, at approximately 1:27 p.m., MS. BENSENBERG was driving Eastbound on Wolf Road, when she lost consciousness and "traveled into the north ditch, striking tree limbs and an elevated portion of the ditch." Her car "…sustained major front end damage and under carriage damage. There "was (sic) no roadway markings from….Two witnesses observed [her vehicle] exit the roadway without breaking." Defendant CHRYSLER's airbags failed to deploy, causing MS. BENSENBERG major permanent bodily injuries. **See Exhibits 1 through 3**.

16. The airbags were designed, manufactured, installed, and sold as the restraint system in the 2008 Chrysler Aspen, and placed in the commercial stream of commerce by CHRYSLER. The design and manufacturing defects of Defendants' passenger airbag system directly and proximately caused severe injuries to MS. BENSENBERG.

## MS. BENSENBERG'S DAMAGES

17. MS. BENSENBERG sustained severe injuries including, but not limited to, the following: a cervical fracture A broken neck described as follows: An extensive fracture of C2. Acute, minimally displaced fracture through the right C2 vertebral body with extension into the right superior articular facet as well as the anterior tubercle on the right. Additional fracture through the left lamina of C2 with extension into the inferior articular facet. The fracture fragments appear to mildly impinge upon the adjacent the cal sac. No extension of the fracture line to the base of the dens. Injury to wrist: Soft tissue swelling of the distal forearm without associated wrist fracture. Possible fractures of the trapezium versus severe degenerative disease with bony fragmentation. Correlate with focal pain at the base of the thumb. Concussion, Dizziness, Skin tear on forehead, Hallucinations, sore and skinned knees and elbows, black and blue everywhere, bruising, Chest pain due to hitting steering wheel, Swollen legs, Sores inside mouth due to teeth biting sides in accident; Rectal prolapse due to pain medication. Required

catheterization as pain meds made it hard to empty her bladder with the rectal prolapse. Mental health declined due to results of the accident/depression; Patient suffered several UTI's during the course of her recovery due to inability to properly cleanse the area. Sores on shoulder and neck from Miami J collar. MS. BENSENBERG was wearing her seatbelt at the time of his accident. Defendants' acts and omissions were the legal cause of MS. BENSENBERG's damages and injuries.

18. An airbag is a vehicle safety device that is built into steering wheels and dashboards, and into the sides of some vehicles. It is an occupant restraint system consisting of a flexible fabric envelope or cushion. The airbags contained in the defective 2008 Chrysler Aspen cannot be relied upon to provide the expected safety.

19. Airbags are designed to inflate or "launch" rapidly with nitrogen gas when there is very fast deceleration in the event of an accident. Its purpose is to cushion occupants during a crash and to provide protection to their bodies from collision with objects inside the vehicle, such as the steering wheel or windshield. Unfortunately, there are thousands of reported accidents in which the airbags in CHRYSLER vehicles failed, including the accident in which MS. BENSENBERG was injured.

20. Despite this shocking record of callous disregard for consumer safety, Defendants CHRYSLER have been slow to report the full extent of the danger to drivers and passengers and failed to issue appropriate recalls. The risks of dangerous, defective airbags and the number of vehicles affected were not disclosed for several years. CHRYSLER's airbags, which failed to deploy upon impact, present a potentially and actually lethal danger.  CHRYSLER repeatedly failed to fully investigate the problem and to issue proper and timely recalls, allowing the dangerous problem to proliferate and cause numerous injuries. There are scores of injuries that have been reported over the last nine (9) years on the NHTSA website as a direct result of CHRYSLER's failed airbags.

21. CHRYSLER knew or should have known that the airbags installed in millions of vehicles were defective. Defendant CHRYSLER, by concealing their knowledge of the nature

and extent of the defects from the public, has shown a blatant disregard for public welfare and safety.

22. CHRYSLER engaged in despicable, intentional, reckless, and grossly negligent conduct, amounting to a willful and conscious disregard for the rights and safety of the public, including Plaintiff. Defendants acted with oppression, malice, and fraud. Plaintiff seeks to recover punitive damages against Defendants in order to make Plaintiff whole as well as to ensure future safety for drivers of Defective Vehicles and public safety as a whole.

23. CHRYSLER's Owner's Manual for the 2008 Chrysler Aspen represents:
"How the Airbag System Works
• The Occupant Restraint Controller (ORC) determines if a frontal collision is severe enough to require the airbags to inflate. The front airbag inflators are designed to provide different rates of airbag inflation from direction provided by the ORC. The ORC will detect a roll over when equipped with side airbags.
The ORC also monitors the readiness of the electronic parts of the system whenever the ignition switch is in the START or RUN positions. These include all of the items listed above except the steering wheel and column, and knee bolsters. If the key is in the OFF position, in the ACC position, or not in the ignition, the airbags are not on and will not inflate. During a moderate-to-severe rear impact the ORC may deploy the seat belt pretensioners alone…. The front airbags have a multistage inflator design. This may allow the airbag to have different rates of inflation that are based on collision severity and occupant size.
This vehicle is also equipped with window bags to protect the driver, front, and rear passengers sitting next to a window."

24. The Chrysler air bag system contain the following components:
• Occupant Restraint Controller
• Side Remote Acceleration Sensors
• Airbag Warning Light
• Driver Airbag
• Passenger Airbag
• Window Bags above Side Windows
• Steering Wheel and Column
• Instrument Panel
• Interconnecting Wiring
• Knee Impact Bolsters
• Front Acceleration Sensors
• Driver and Front Passenger Seat Belt Pretensioners

One or more, or each of the component parts were designed defectively and manufactured defectively and failed to perform as warranted, represented, and failed to perform to the reasonable expectation of the consumers, including Plaintiff herein.

25. The representation in the CHRYSLER Owner's Manual for the 2008 Chrysler Aspen asserts that the frontal airbags will inflate as follows: "Occupant Restraint Controller (ORC) determines if a frontal collision is severe enough to require the airbags to inflate." The airbag system is designed to deploy the airbags when the impact sensors detect a moderate-to-severe frontal collision, to help restrain the driver and front passenger, and then immediately deflate: "The front airbags deploy in moderate to severe frontal collisions." Contrary to that representation, MS. BENSENBERG was driving at the speed limit at approximately 55 mph when she, due to an unforeseeable medical episode, lost control of the vehicle and "traveled into the north ditch, striking tree limbs and an elevated portion of the ditch." The airbags failed to deploy.

## VII. NOTICE TO CHRYSLER OF DEFECTIVE RESTRAINT SYSTEM

26. Citizens across the United States have expressed their concerns and made complaints about the unsafe airbag and restraint systems publicly known to the National Highway Traffic Safety Administration (NHTSA). NHTSA is a governmental agency designed to keep our roads safe. The following are just samplings taken from many more:

1. Date of Complaint was reported: January 5, 2009; Components: AIR BAGS
NHTSA ID Number: 10253895; Incident Date: December 31, 2008
Consumer Location RENO, NV; Vehicle Identification Number 1A8HW58268F****
CRASH: Yes; FIRE: No; INJURIES: 0; DEATHS: 0
Summary of Complaint: Hit A Deer Traveling At Over 50 Mph Head On And The Airbags Did Not Deploy. Damage To The Car Was Extensive Including The Front Bumper, Grill And Headlights. The Deer Was Estimated To Weigh Over 200lbs. My Wife And 2 Small Children Were In The Car, Everyone Is Fine But It Dawned On Us Afterward That The Airbags Did Not Deploy. We Are Concerned About The Future And The Functionality Of The Safety Features Of Our Vehicle. I Have Written Chrysler And Have Not Gotten A Response. *Trb

2. Date of Complaint was reported: September 27, 2013; Components: AIR BAGS
NHTSA ID Number: 10545684; Incident Date September 19, 2013
Vehicle Identification Number 1A8HX58N88F****

CRASH: Yes; FIRE: No; INJURIES: 1; DEATHS: 0
Summary of Complaint: TL* The Contact Owns A 2008 Chrysler Aspen. The Contact Stated That While Driving 50 Mph, The Vehicle Hydro-Planned And Crashed Into A Wall. None Of The Air Bags Deployed. The Contact Suffered A Neck Injury But Did Not Receive Medical Treatment. A Police Report Was Not Filed. The Vehicle Was Destroyed. The Contact Did Not Call The Manufacturer. The Failure Mileage Was 117,000.

3. February 24, 2014 NHTSA ID NUMBER: 10565675; Components: AIR BAGS
NHTSA ID Number: 10565675; Incident Date February 14, 2012
Consumer Location TOPEKA, KS
CRASH: Yes; FIRE: No; INJURIES: 1; DEATHS: 0
Summary of Complaint: None of the airbags engaged. This was a accident that hit a semi in the front of car. The whole engine was crumbled. Numerous broken bones from head to chest to knee. *TR

4. July 6, 2015 NHTSA ID NUMBER: 10732096; Components: AIR BAGS
NHTSA ID Number: 10732096; Incident Date July 5, 2015
Consumer Location SAINT LOUIS, MO
Vehicle Identification Number 1A8HW58NX8F****
CRASH: No; FIRE: No; INJURIES: 0; DEATHS: 0
Summary of Complaint: TL* The contact owns a 2008 CHRYSLER ASPEN 4X4. The contact received notification of nhtsa campaign number: 15v313000 (air bags) and stated that the part needed was not available within a reasonable timeframe to schedule the recall repair. The dealer did not give a specific date for when the part would become available. The manufacturer was contacted and could not provide an estimated date for when the vehicle would receive the recall repair. The contact was not experiencing a failure.

5. April 2, 2015 NHTSA ID NUMBER: 10703291; Components: ELECTRICAL SYSTEM, AIR BAGS
NHTSA ID Number: 10703291; Incident Date March 30, 2015
Consumer Location ALEXANDRIA, VA; Vehicle Identification Number 1A8HW58298F****
CRASH: No; FIRE: No; INJURIES: 1; DEATHS: 0
Summary of Complaint: The airbag sensor light is constantly chiming on and off. The automatic trunk door opens and then shuts abruptly with force which can cause seriously injury. I contacted Chrysler and was told that they do not have any recalls for my vehicle and that I would need to take it to the dealership and have it assessed. Very frustrating to have to pay the dealership for issues that really should the manufacturers' responsibility!!! Shame on Chrysler for not taking responsibility for the defects!!! *TR

## VIII. EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

**Fraudulent Concealment**

27. MS. BENSENBERG only discovered the defective nature of the airbag on September 10, 2015, when her airbag failed to deploy.

28. The **equitable tolling** of statutes of limitations is a judicially created, non-statutory doctrine. [1] It is "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied."

29. Defendant CHRYSLER has known of the defects in their airbag system since 2008. Defendants knew this well before Plaintiff purchased the Defective Vehicle, and have concealed from, or failed to notify, Plaintiff and the public of the full and complete nature of the defects and have failed to correct and remedy the defective conditions of the airbags and restraint system.

30. Defendants have now acknowledged to safety regulators that the airbags have been defective for years, but did not fully investigate or disclose the seriousness of the issue and, in fact, downplayed and concealed the widespread severity of the problem.

31. As a result of the active misrepresentations and the concealment of the defective nature of the airbags, any applicable statute of limitation has therefore been tolled by Defendants' knowledge, active concealment, and denial of the facts alleged herein, which is behavior ongoing to date.

Wherefore, Plaintiff requests relief as hereinafter provided.

### FIRST CAUSE OF ACTION
### STRICT LIABILITY MANUFACTURING DEFECT
### (Against New CHRYSLER)
### On Behalf Of Plaintiff MS. BENSENBERG

---

[1] . (See *Elkins v. Derby* (1974) 12 Cal.3d 410, 420 & fn. 9; *Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 650.)

32. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

33. MS. BENSENBERG was harmed by Defendants' defective airbags, products distributed, manufactured, and sold by Defendant. CHRYSLER's airbags contained a manufacturing and design defect. Defendants negligently failed to provide any warning, or any sufficient warning of potential safety hazards from their products.

34. As a further direct and proximate result of Defendants' negligence, manufacturing and design defects, Plaintiff MS. BENSENBERG incurred losses and damages for personal injury and property damage, loss of use and enjoyment of life and her property, the need for periodic medical examination and treatment, and economic losses, including wage loss, and the expenditure of time and money, and will continue to incur losses and damages in the future.

35. The Defendants' conduct was willful, wanton, reckless, malicious and/or exhibited a gross indifference to, and a callous disregard for human life, safety and the rights of others, and more particularly, the rights, life and safety of the Plaintiff; and CHRYSLER was motivated by consideration of profit, financial advantage, monetary gain, economic aggrandizement and cost avoidance, to the virtual exclusion of all other considerations. Defendants' defective airbags were substantial factors in causing Plaintiff's injuries, damages, and losses. Defendants engaged in conduct amounting to malice, fraud, and oppression, entitling Plaintiff to punitive damages.

36. Due to Defendant's negligence, manufacturing and design defects, Plaintiff is entitled to compensatory damages in a sum to be determined by the jury, plus punitive damages in a sum equal to a multiplier of damages determined to be adequate by the jury.

37. Wherefore, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION
**STRICT LIABILITY DESIGN DEFECT**
**(Against New CHRYSLER)**
**On Behalf Of Plaintiff MS. BENSENBERG**

38. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

39. MS. BENSENBERG was harmed by Defendants' defective airbags, products distributed, manufactured, and sold by Defendants CHRYSLER. Defendants CHRYSLER's airbags contained manufacturing and design defects. Defendant's airbags failed to perform, as MS. BENSENBERG and any reasonable consumer would expect the driver passenger restraint system to perform when used or misused in an intended or reasonably foreseeable way. Defendants negligently failed to provide any warning, or any sufficient warning of potential safety hazards with their products.

40. As a further direct and proximate result of Defendants' negligence, manufacturing and design defects, Plaintiff incurred losses and damages for personal injury and property damage, loss of use, and enjoyment of life and her property, the need for periodic medical examination and treatment, and economic losses, including wage loss, and the expenditure of time and money, and will continue to incur losses and damages in the future. Defendants' defective airbag and seat belt were substantial factors in causing Plaintiff's injuries, damages, and losses.

41. The Defendants' conduct was willful, wanton, reckless, malicious and/or exhibited a gross indifference to, and a callous disregard for human life, safety and the rights of others, and more particularly, the rights, life and safety of the Plaintiff; and was motivated by consideration of profit, financial advantage, monetary gain, economic aggrandizement and/or cost avoidance, to the virtual exclusion of all other considerations. Defendants engaged in conduct amounting to malice, fraud, and oppression entitling Plaintiff MS. BENSENBERG to punitive damages.

42. Due to Defendants' negligence, manufacturing and design defect, the Plaintiff is entitled to compensatory damages in a sum to be determined by the jury, plus punitive damages in a sum equal to multiplier of damages determined to be adequate by the jury.

43. Wherefore, Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### STRICT LIABILITY FAILURE TO WARN
### (Against CHRYSLER)
### On Behalf Of Plaintiff MS. BENSENBERG

44. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

45. Defendants failed to provide sufficient instructions and warning of potential risks of failure of the airbags. Defendants CHRYSLER manufactured, distributed, and sold the defective airbags. The defective characteristics of the defective airbags were known to the Defendants and knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of manufacture, distribution, and sale of the defective airbags.

46. The defective airbags had potential risks, including the proclivity, propensity, and predisposition to fail upon impact, presenting a substantial danger when the defective restraint system was used or misused in an intended or reasonably foreseeable way. MS. BENSENBERG, as an ordinary consumer, did not recognize the potential risks, proclivity, propensity, and predisposition of the airbags to fail upon impact. Defendants CHRYSLER failed to warn and failed to adequately warn or instruct of the potential risks of the failure to restrain MS. BENSENBERG.

47. As a further direct and proximate result of Defendants' negligence, manufacturing and design defects, Plaintiff incurred losses and damages for personal injury and property damage, loss of use and enjoyment of life and her property, the need for periodic medical examination and treatment, and economic losses, including wage loss, and the expenditure of time and money, and will continue to incur losses and damages in the future. The lack of sufficient instructions and warnings were a substantial factor in causing Plaintiff's injuries, damages, and losses. Defendants' defective airbags lack of sufficient instructions and warnings were a substantial factor in causing Plaintiff's injuries, damages, and losses.

48. Wherefore, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT FAILURE TO WARN**
**(Against CHRYSLER)**
**On Behalf Of Plaintiff MS. BENSENBERG**

49. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

50. MS. BENSENBERG was harmed by Defendants' negligence. Defendants negligently designed, manufactured, supplied, installed, and inspected the airbag and seat belt in her car.

51. Defendants CHRYSLER manufactured, distributed, and sold the defective airbag and the defective seat belt. Defendants knew or reasonably should have known that the airbag and seat belt were dangerous or were likely to be dangerous when used or misused in a reasonably foreseeable manner.

52. Defendants knew or reasonably should have known that users would not realize the danger. Defendants failed to adequately warn of the danger or instruct on the safe use of the airbags and seat belt. Defendants negligently failed to conduct their businesses of manufacturing, distributing, and selling as a reasonable manufacturer, distributor, or seller under the same or similar circumstances. A reasonable manufacturer, distributor, or seller would have warned of the danger or instructed on the safe use of the airbags.

53. As a further direct and proximate result of Defendants' negligence, manufacturing and design defects, Plaintiff MS. BENSENBERG incurred losses and damages for personal injury and property damage, loss of use and enjoyment of life and property, the need for periodic medical examination and treatment, and economic losses, including wage loss, and the expenditure of time and money, and will continue to incur losses and damages in the future. Defendants' defective airbag were substantial factor in causing Plaintiff's injuries, damages, and losses.

54. Wherefore, Plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### NEGLIGENCE - RECALL/RETROFIT
### (Against New CHRYSLER)
### On Behalf Of Plaintiff MS. BENSENBERG

55. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

56. Defendants, and each of them, intended to cause MS. BENSENBERG severe emotional distress and acted with reckless disregard of the probability that MS. BENSENBERG would suffer severe emotional distress, knowing that MS. BENSENBERG was the registered owner of the subject 2008 Chrysler Aspen. Defendants could have contacted MS. BENSENBERG and warned her of the risk of failure of the defective restraint system product. Defendants recklessly and intentionally failed to notify MS. BENSENBERG of the known danger of their restraint system. The Defendants knew of the dangers of their restraint system because of numerous prior accidents, resulting in serious injuries, deaths, and lawsuits against Defendants due to the defective nature of the subject restraint system.

57. The Defendants, and each of them, knew or reasonably should have known that the subject passenger restraint system was dangerous and was likely to be dangerous when used in a reasonably foreseeable manner. The Defendants, and each of them, became aware of this defect after the subject restraint system was sold.

58. The Defendants, and each of them, failed to recall or retrofit or warn of the danger of the defective restraint system. A reasonable manufacturer, distributor, and seller under the same or similar circumstances would have recalled and retrofitted the defective passenger restraint system.

59. As a further direct and proximate result of Defendants' negligence, manufacturing and design defects, Plaintiff incurred losses and damages for personal injury and property damage, loss of use and enjoyment of life and property, the need for periodic medical examination and treatment, and economic losses, including wage loss, and the expenditure of time and money, and will continue to incur losses and damages in the future. Defendants' defective airbag and seat belt were substantial factor in causing Plaintiff's injuries, damages, and losses.

60. The Defendants' failure to recall and retrofit the defective passenger restraint system was a substantial factor in causing MS. BENSENBERG harm.

61. Wherefore, Plaintiff requests relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### NEGLIGENCE
### (Against CHRYSLER)
### On Behalf Of Plaintiff MS. BENSENBERG

62. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

63. MS. BENSENBERG was harmed by Defendants' negligence. Defendants negligently designed, manufactured, supplied, installed, and inspected the airbag and seat belt in her car.

64. Defendants manufactured, distributed, and sold the defective airbag, and Defendant New CHRYSLER manufactured, distributed, and sold the defective seat belt. Defendants knew or reasonably should have known that the airbag was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner.

65. Defendant CHRYSLER engaged in unreasonable negligent conduct in failing to test, inspect, comply with industry standards in the design and manufacture of CHRYSLER restraint systems, including the air bags.

66. As a further direct and proximate result of Defendants' negligence, manufacturing and design defects, Plaintiff incurred losses and damages for personal injury and property damage, loss of use and enjoyment of life and property, the need for periodic medical examination and treatment, and economic losses, including wage loss, and the expenditure of time and money, and will continue to incur losses and damages in the future. Defendants' defective airbag and seat belt were substantial factor in causing Plaintiff's injuries, damages, and losses.

67. Wherefore, Plaintiff requests relief as hereinafter provided

## SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against CHRYSLER)
### On Behalf Of Plaintiff MS. BENSENBERG

68. Plaintiff hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

69. Defendant New CHRYSLER engaged in intentional and willful extreme and outrageous conduct by failing to correct, recall, and warn all consumers of the defective restraint system in

the 2008 Chrysler Aspen. Defendant CHRYSLER has been in the driver seat of the operations of CHRYSLER's vehicles since 2009. Part of CHRYSLER's responsibilities in assuming liabilities for: "(a) post-sale accidents or incidents involving CHRYSLER vehicles causing personal injury, loss of life, or property damage; (b) repairs or the replacement of parts provided for under the "glove box warranty"—a specific written warranty, of limited duration, covering only replacement of parts…"

70. Defendant New CHRYSLER failed to take any remedial or corrective action in the face of the life and limb threatening defective restraint system, as shown above, in the 2008 Chrysler Aspen.

71. As a further direct and proximate result of Defendants' intentional extreme and outrageous conduct, including in the manufacturing and design of its defective restraint system, Plaintiff DONNA BENSENBERG suffered severe mental and emotional distress arising out of her life threatening, physically disfiguring injuries. Plaintiff also incurred losses and damages for personal injury and property damage, loss of use and enjoyment of life and property, the need for periodic medical examination and treatment, and economic losses, including wage loss, and the expenditure of time and money, and will continue to incur losses and damages in the future. Defendants' defective airbag and seat belt were substantial factors in causing Plaintiff's injuries, damages, and losses.

72. Wherefore, Plaintiff requests relief as hereinafter provided.

## **XVII. PRAYER FOR RELIEF**

Plaintiff requests the Court to enter judgment against the Defendants, as follows:

1. For all damages, economic and non economic, including but not limited to, pain, mental, and emotional distress, loss of enjoyment of life, anxiety, humiliation, inconvenience, discomfort, loss of consortium;

2. An award of attorneys' fees and costs, as allowed by law;

3. An award of pre-judgment and post-judgment interest, as provided by law;

4. Leave to amend this Complaint to conform to the evidence produced at trial; and

5. Such other relief as may be appropriate under the circumstances.

**JURY TRIAL DEMANDED**

**Dated: August 1, 2017**

                             **RESPECTFULLY SUBMITTED,**
                             **LAW OFFICES OF BONNER & BONNER**


                             */S/Charles A. Bonner*
                             Charles A. Bonner
                             Attorney for Plaintiff

CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
*Application for Admission Pending*
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFF

# EXHIBIT 1



PDF Complete

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

# EXHIBIT 2



Your complimentary
use period has ended.
Thank you for using
PDF Complete.

Click Here to upgrade to
Unlimited Pages and Expanded Features

# EXHIBIT 3



PDF Complete

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features