IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DONNA J. BENSENBERG,<br>    Plaintiff,<br><br>v.<br><br>CHRYSLER, d/b/a FIAT CHRYSLER<br>AUTOMOBILES US, LLC; DOES 1-100,<br>    Defendants. | Case No. 4:17-cv-04213-SLD-JEH |

### Order

    The Plaintiff, Donna Bensenberg, filed her Complaint on August 4, 2017. (D. 1).[1] The Plaintiff's Complaint asserts diversity of citizenship as the basis for the Court's jurisdiction. *Id.* at pg. 4. The allegations of the Complaint are insufficient to support that assertion.

    The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). First, parties asserting diversity jurisdiction based on parties hailing from different states must allege the citizenship of each party. *See Held v. Held*, 137 F.3d 998 (7th Cir.1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir.1994). The Plaintiff's allegations re herself and Defendant, Does 1-100, are insufficient to establish diversity of citizenship. The Court notes that the Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. *See, e.g., Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448

---

[1] Citations to the Docket in this case are abbreviated as "D. \_\_."

(7th Cir.2000); *see also Page v. Wright*, 116 F2d 449, 451 (7th Cir. 1940) ("[i]n federal law citizenship means domicile, not residence").

Additionally, for diversity purposes, the citizenship of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The Plaintiff's complaint does not identify the members of the Defendant, Fiat Chrysler Automobiles US, LLC, or allege the citizenship of those members. Therefore, the Plaintiff's complaint is insufficient to invoke diversity jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. *See also*, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992)("leave to amend defective allegations of subject matter jurisdiction should be freely given")(citations omitted). The Plaintiff is directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction. Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for this Court's jurisdiction.

*It is so ordered.*

Entered on August 7, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE