IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DONNA J. BENSENBERG,<br>    Plaintiff,<br><br>v.<br><br>CHRYSLER, d/b/a FIAT CHRYSLER AUTOMOBILES US, LLC and DOES 1-100; FCA US, LLC; CHRYSLER GROUP, LLC; CHRYSLER, LLC,<br>    Defendants. | Case No. 4:17-cv-04213-SLD-JEH |

**Order**

    The Plaintiff, Donna Bensenberg, filed her Amended Complaint on August 10, 2017. (D. 4).[1] The Plaintiff's Amended Complaint asserts diversity of citizenship as the basis for the Court's jurisdiction. *Id.* at pg. 4. The allegations of the Complaint are insufficient to support that assertion.

    The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). First, the Court notes again that for diversity purposes, the citizenship of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The Plaintiff's complaint does not identify the members of the Defendants, FCA US, LLC, Chrysler Group, LLC, or Chrysler, LLC. While the Plaintiff does allege the citizenship of the LLC members, she does so "[o]n information and belief[]" (D. 4 at pg. 5) Asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction.

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

*America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief). In short, the Plaintiff must identify all members of the LLC defendants and state, on personal knowledge or admissible evidence, the states of citizenship for each. Until then, the Plaintiff's Complaint is still insufficient to invoke diversity jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. *See also*, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992)("leave to amend defective allegations of subject matter jurisdiction should be freely given")(citations omitted). The Plaintiff is directed to file a second amended complaint that adequately alleges the factual basis for this Court's jurisdiction. Accordingly, it is hereby ORDERED that the Plaintiff file a Second Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Second Amended Complaint, the Plaintiff shall properly allege the basis for this Court's jurisdiction.

*It is so ordered.*

Entered on August 11, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE