IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DONNA J. BENSENBERG,<br>    Plaintiff,<br><br>v.<br><br>FCA US LLC,<br>    Defendant. | Case No. 4:17-cv-04213-SLD-JEH |

**Report and Recommendation**

Now before the Court is the Defendant FCA US LLC's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 12). This matter has been referred for a Report and Recommendation. The Motion is fully briefed, and for the reasons stated herein, the Court recommends the Defendant's Partial Motion to Dismiss be granted in its entirety.

**I**

On August 17, 2017, Plaintiff Donna J. Bensenberg, filed her Second Amended Complaint for Damages (Doc. 6) against FCA US LLC (referred to as Chrysler in the Second Amended Complaint). In her Second Amended Complaint, the Plaintiff alleges seven causes of action. In the Second Amended Complaint, she alleges the following facts. While the Plaintiff was driving on September 10, 2015 she lost consciousness, traveled into a ditch, and struck tree limbs and an elevated portion of the ditch. Her car sustained major front end damage and under carriage damage, and the Plaintiff's Chrysler's airbags failed to deploy, causing the Plaintiff major permanent bodily injuries. Her 2008 Chrysler Aspen's airbags were designed, manufactured, installed, and sold as the

1

restraint system in that car and were placed into the commercial stream of commerce by Chrysler. The Plaintiff alleges the Defendant knew of the airbag defect since at least 2009 when a complaint was sent to the National Highway Traffic Safety Association that detailed a car accident where the airbags did not deploy though the vehicle was traveling over 50 miles per hour when it hit a deer.

Based upon these facts, the Plaintiff alleges negligence due to the Defendant's failure to recall or retrofit or warn of the danger of the defective restraint system (Fifth Cause of Action). The Plaintiff specifically alleges that: the Defendant knew or reasonably should have known that the "subject passenger restraint system was dangerous and was likely to be dangerous when used in a reasonably foreseeable manner;" a "reasonable manufacturer, distributor, and seller under the same or similar circumstances would have recalled and retrofitted the defective passenger restraint system;" and the Plaintiff incurred injuries, damages, and losses as a direct and proximate result of the Defendant's negligence. Plf's Second Amended Complaint (Doc. 6 at pgs. 16-17).

The Plaintiff also alleges intentional infliction of emotional distress (IIED) against the Defendant where it "engaged in intentional and willful extreme and outrageous conduct by failing to correct, recall, and warn all consumers of the defective restraint system in the Plaintiff's 2008 Chrysler Aspen" (Seventh Cause of Action). Plf's Second Amended Complaint (Doc. 6 at pg. 18). Further, the Plaintiff alleges she suffered "severe mental and emotional distress arising out of her life threatening, physically disfiguring injuries" as a direct and proximate result of the Defendant's intentional extreme and outrageous conduct. *Id*. The Defendant only seeks dismissal for failure to state a claim of the Plaintiff's Fifth and Seventh Causes of Action.

II

The Defendant brings its partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555. The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

A

The Defendant argues the Plaintiff's fifth cause of action for negligent failure to recall, retrofit, or issue post-sale warnings should be dismissed because there is no common law duty to do so under Illinois law. They cite to *Jablonski v. Ford Motor Co.*, an Illinois Supreme Court case.

In *Jablonski v. Ford Motor Co.*, the plaintiffs alleged a theory of negligence premised upon the defendant manufacturer's continuing duty to warn at the time their car was manufactured and thereafter. 955 N.E.2d 1138, 1160 (Ill. 2011). In that case, a couple's vehicle burst into flames after it was struck by another car and a large pipe wrench in the couple's car penetrated the trunk and punctured the back of the vehicle's fuel tank. *Id*. at 1142. The husband died and the wife suffered severe burns and permanent disfigurement. *Id*. The plaintiffs introduced evidence that the manufacturer knew of the risk of danger of the tank's location

3

where several accidents before their own occurred prior to the sale of their vehicle and involved a tank (located in the same place as their vehicle's tank) rupture due to a fuel-fed fire. *Id.* at 1145.

The *Jablonski* court considered the defendant manufacturer's argument that a theory of negligence based upon a postsale duty to warn was contrary to Illinois law. *Id.* at 1159. The Court stated, "[U]nder established Illinois precedent, when a design defect is present at the time of sale, the manufacturer has a duty to take reasonable steps to warn at least the purchaser of the risk as soon as the manufacturer learns or should have learned of the risk created by its fault." *Id.* (citing cases). The Illinois Supreme Court went on, "Nevertheless, a manufacturer is under no duty to issue postsale warnings or to retrofit its products to remedy defects first discovered after a product has left its control." *Id.* at 1160 (collecting cases). In a footnote, the court noted that a duty may be imposed upon a manufacturer by a statute or administrative regulation which mandates the recall of the product under circumstances where the dangerous characteristic of the product is discovered after the product has left the manufacturer's control. *Id.* at n.1. The court continued, "However, in the absence of such an obligation or a voluntary undertaking, Illinois law has not imposed such a duty on a manufacturer in the context of product design or specifically failure to warn." *Id.* at n.1. The court emphasized that a continuing duty to warn may be imposed if *at the time of manufacture* of the product the manufacturer knew or should have known of the hazard. *Id.* at 1160 (emphasis added). The court explained that such a theory was not presented to the jury at trial and the plaintiffs' proffered jury instruction did not comport with a continuing duty to warn theory. *Id.*

Rather, the trial court submitted a non-Illinois Pattern Instruction to the jury. *Id.* That instruction was a nearly verbatim recitation of section 10 of the Restatement (Third) of Torts: Products Liability (1998) which had not been

4

previously adopted in Illinois at the time *Jablonski* was litigated. *Id*. at 1161. The proffered instruction allowed the jury to recognize a duty that could arise based upon knowledge of risks discovered after the sale of the car even if it found the Defendant had not acted unreasonably at the time the car was manufactured. *Id*. The court explained that based upon the subsequently acquired knowledge, the jury could have found a postsale duty to inform of the safety improvements made years later without ever concluding that the manufacturer knew or should have known the product was unreasonably dangerous at the time of sale. *Id*. As a result, the plaintiffs' theory as presented to the jury was premised upon a duty not recognized in Illinois at the time of trial and was therefore improperly submitted to the jury for its consideration. Finally, the *Jablonski* court stated, "Although we do not foreclose the possibility that a postsale duty to warn could be recognized in the future in Illinois, we decline the invitation to expand the duty in this case under the particular facts and circumstances presented here." *Id*. at 1162.

      The Defendant points out that the Plaintiff's Second Amended Complaint alleges that, "The Defendants, and each of them, became aware of this defect after the restraint system was sold." Plf's Second Amended Complaint (Doc. 6 at pg. 16). Thus, Defendant argues, the fifth cause of action must be dismissed as a matter of law. In response, the Plaintiff cites to legal articles considering a postsale duty to warn as well as the postsale duty to warn adopted in Section 10 of the Third Restatement. She points to the allegations of her Second Amended Complaint that Defendant knew of the defects upon being apprised of them in 2009, was subsequently apprised of thousands of failed airbag deployments in their Aspens and other Chrysler models, and knew of the defective airbags for years. The Plaintiff also argues the Defendant cites to *Jablonski* for the sweeping, erroneous assertion that there is no common law duty to recall, retrofit, or issue postsale warnings under Illinois law. The Plaintiff argues that this Court is "more

than reasonably justified in imposing a duty to recall or retrofit where post-sale knowledge places a manufacturer on notice regarding a dangerous product defect." She further argues, the *Jablonski* court's dicta "strongly suggests that rather than affirmatively casting a blanket prohibition against post sale liability, the Illinois Supreme Court expressly limited its holding to the facts and circumstances under the *Jablonski* case."

Be that as it may, the *Jablonski* court's holding forecloses this Court from ruling otherwise in this case. The Illinois Supreme Court clearly stated that a manufacturer is under no duty to issue postsale warnings or to retrofit its products to remedy defects first discovered *after a product has left its control*. It also clearly stated that section 10 of the Restatement (Third) of Torts: Products Liability had not been previously adopted in Illinois, and the Plaintiff neither argues nor cites to any Illinois cases since then which have held otherwise. This Court, sitting in diversity, may not extend Illinois law to the facts and circumstances in this case as to act otherwise would be inappropriate. *See King v. Damiron Corp.*, 113 F.3d 93, 97 (7th Cir. 1997) ("We have counseled before that federal courts sitting in diversity ought to be circumspect in expanding the law of a state beyond the boundaries established in the jurisprudence of the state") (internal citations omitted). Here, because there is *Jablonski*, there is not an absence of prevailing authority from Illinois's highest court in regard to the Plaintiff's cause of action for negligent failure to recall, retrofit, or issue post-sale warnings. *Cf. Pisciotta v. Old Nat'l Bancorp*, 499 F.3d at 635 (detailing the tools available to federal courts sitting in diversity when faced with a *novel* question of state law) (emphasis added).

The Plaintiff finally argues in her Response to the Defendant's motion to dismiss the fifth cause of action:

> [A]lthough absent from the instant Complaint, defendants, upon information and belief, were indeed apprised of defects inherent in

>the airbags at or upon release of its airbags into the stream of commerce. As such, where plaintiff raises the possibility that product defects were known at the time of sale, such question of fact must not be resolved on a motion to dismiss.

(Doc. 15 at pg. 4). Nowhere in the Complaint itself does the Plaintiff allege that Defendant Chrysler knew or should have known of the defects "inherent in the airbags" at the requisite time – the time of sale. To the contrary, as the Defendant points out, the Complaint explicitly alleges the Defendants became aware of the airbag defect *after* the restraint system was sold. Thus, the Plaintiff's new allegation in her Response to the Partial Motion to Dismiss is *inconsistent* with the allegations of the Complaint and cannot be accepted to defeat the Defendant's Partial Motion. *See Help At Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001) ("A plaintiff need not put all of the essential facts in the complaint; [s]he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are *consistent* with the allegations of the complaint") (emphasis added); *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (stating that "a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts [s]he pleases that are *consistent* with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle [her] to judgment").

### B

The Defendant also argues the Plaintiff's seventh cause of action for intentional infliction of emotional distress should be dismissed because the Plaintiff does not allege any facts that could reasonably suggest that it either *intended* or had *knowledge* that there was a high probability that its conduct would cause the Plaintiff *severe* emotional distress. (emphasis supplied). The Defendant further argues the Plaintiff's present allegations foreclose her claim for IIED.

To state a cause of action for IIED under Illinois law, a plaintiff must allege: 1) the defendant's conduct was extreme and outrageous; 2) the defendant either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so; and 3) the defendant's conduct actually caused severe emotional distress. *Shamim v. Siemens Indus., Inc.*, 854 F. Supp. 2d 496, 511 (7th Cir. 2012), *citing Commonwealth Edison Co.*, 742 N.E.2d 858, 866 (Ill. App. Ct. 2000). The Illinois Supreme Court has provided factors to consider in evaluating whether alleged conduct is extreme and outrageous. *See McGrath v. Fahey*, 533 N.E.2d 806, 809-11 (Ill. 1988) (explaining that "the law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it"). The *McGrath* court noted factors including the power or authority that a defendant has over a plaintiff and whether the threats were mere idle threats, whether the defendant reasonably believes that his objective was legitimate, and the defendant's awareness that the plaintiff was susceptible to emotional distress. *Shamim*, 854 F. Supp. 2d at 512, *citing McGrath*, 533 N.E.2d at 809-11.

Here, the Defendant argues the Plaintiff has specifically alleged the opposite of what is required to state a claim for IIED where she alleges "The Defendants, and each of them, *became aware of this defect after the restraint system was sold.*" Plf's Complaint (Doc. 6 at pg. 16) (emphasis supplied by Defendant in its Partial Motion to Dismiss). The Plaintiff counters that the three factors the Illinois Supreme Court considers when evaluating the outrageousness of a defendant's conduct make clear that she has sufficiently alleged outrageousness and a high probability that the Defendant's conduct would cause emotional distress. The Plaintiff further argues that the outrageousness of the Defendant's conduct also supports her claim that Defendant's knowledge and refusal to warn lead to a high probability that its conduct would cause her severe emotional distress. As the Plaintiff states in her

8

Response, she equates the Defendant's failure to "'correct, recall and warn' her of her 2008 Chrysler Aspen's defective airbag system while aware of countless prior airbag failures with the requisite 'extreme and outrageous conduct'" required for her IIED claim. Plf's Response (Doc. 15 at pg. 5).

After accepting all well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in favor of the Plaintiff, the Complaint fails to state a claim for IIED that is plausible on its face. While the Plaintiff argues she sufficiently alleged extreme and outrageous conduct by the Defendant – its awareness of its defective airbag systems and its failure to correct, recall, and warn – such allegations fail as a matter of law. Those allegations are legally insufficient where, under Illinois law as forth in *Jablonski*, a manufacturer is under no duty to issue postsale warnings or to retrofit its products to remedy defects first discovered after a product has left its control. If Illinois courts do not recognize a manufacturer's duty to correct, recall, or warn about a defective product postsale, a plaintiff cannot state a claim for IIED where the alleged "extreme and outrageous" conduct is that precise failure to correct, recall, or warn. While she provided more than a formulaic recitation of the elements of her IIED claim, the Plaintiff simply cannot state the claim plausibly given the current state of Illinois law. The undersigned recommends that the Plaintiff's fifth and seventh causes of action in her Second Amended Complaint be dismissed without prejudice. The undersigned further recommends that she be given leave to amend her fifth and seventh causes of action given her new allegations that the Defendant was apprised of defects inherent in the airbags at or upon release of its airbags into the stream of commerce.

### III

For the above reasons, it is recommended that: 1) the Plaintiff's Fifth Cause of Action be dismissed; 2) the Plaintiff's Seventh Cause of Action be dismissed; and 3) the Plaintiff be allowed to file a further amended complaint.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on June 29, 2018.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE