UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DONNA J. BENSENBERG, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-cv-04213-SLD-JEH |
| | ) |
| FCA US LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Donna Bensenberg filed this products liability action to recover for injuries she allegedly suffered when the airbags in her Chrysler Aspen vehicle failed to deploy in an accident. Before the Court is Defendant FCA US LLC's ("FCA") partial motion to dismiss, ECF No. 12, and Magistrate Judge Jonathan E. Hawley's Report and Recommendation ("R&R"), ECF No. 18, recommending that the Court grant the motion to dismiss and grant Bensenberg leave to amend her complaint. Also before the Court is Bensenberg's Third Amended Complaint, ECF No. 19. For the reasons that follow, the R&R is ADOPTED, the motion to dismiss is GRANTED, and Bensenberg's Third Amended Complaint, which the Court construes as a motion for leave to file an amended complaint, is GRANTED.

## BACKGROUND

On August 17, 2017, Bensenberg filed her Second Amended Complaint, which contains seven causes of action. Second Am. Compl., ECF No. 6. As relevant here, the Fifth Cause of Action alleges negligence due to FCA's failure to recall or retrofit or warn of the danger of "the defective restraint system" despite becoming aware of the defect after the system was sold. *Id.* ¶¶ 57–59. The Seventh Cause of Action alleges intentional infliction of emotional distress ("IIED") based on FCA's failure to "correct, recall, and warn all consumers of the defective

restraint system." *Id.* ¶ 70.  FCA filed a motion to dismiss these counts pursuant to Federal Rule of Civil Procedure 12(b)(6).  Mot. Dismiss, ECF No. 12.  FCA argues that the Fifth Cause of Action fails because, in Illinois, there is no duty to recall, retrofit, or issue post-sale warnings.  Mem. Supp. Mot. Dismiss 2–3, ECF No. 13.  FCA argues the Seventh Cause of Action should be dismissed because Bensenberg does not allege any facts suggesting FCA either intended or had knowledge that there was a high probability that its conduct would cause Bensenberg severe emotional distress, a requisite element for liability.  *Id.* at 3–4.  Indeed, FCA argues, Bensenberg's allegation that FCA "became aware of this defect after the restraint system was sold," Second Am. Compl. ¶ 58, forecloses her IIED claim, Mem. Supp. Mot. Dismiss 4.  The motion to dismiss was referred to Judge Hawley for a recommended disposition.  Judge Hawley entered his R&R on June 29, 2018.  Neither party filed objections.

### A. R&R

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Parties may object within fourteen days of being served with a copy of the recommended disposition.  *Id.* 72(b)(2).  A district judge may accept, reject, or modify the findings or recommendations of the magistrate judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The district judge must review de novo the portions of the report to which objections are made, but reviews all other portions of the report for clear error only.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Judge Hawley recommends that FCA's partial motion to dismiss be granted.  As to the Fifth Cause of Action, Judge Hawley concludes that *Jablonski v. Ford Motor Co.*, 955 N.E.2d 1138, 1160 (Ill. 2011), forecloses Bensenberg's claim of negligence based on FCA's failure to recall, retrofit, or warn.  R&R 6.  *Jablonski* explained that "when a design defect is present at the

time of sale, the manufacturer has a duty to take reasonable steps to warn at least the purchaser of the risk as soon as the manufacturer learns or should have learned of the risk created by its fault." 955 N.E.2d at 1159. By contrast, "a manufacturer is under no duty to issue postsale warnings or to retrofit its products to remedy defects first discovered after a product has left its control." *Id.* at 1160 (quotation marks omitted). In light of *Jablonski*, Judge Hawley rejects Bensenberg's argument that "this Court is more than reasonably justified in imposing a duty to recall or retrofit where post-sale knowledge places a manufacturer on notice regarding a dangerous product defect," Opp. Mot. Dismiss 3, ECF No. 15. R&R 6 ("This Court, sitting in diversity, may not extend Illinois law to the facts and circumstances in this case as to act otherwise would be inappropriate."). In her opposition, Bensenberg also argues that FCA was "indeed apprised of defects inherent in the airbags at or upon release of its airbags into the stream of commerce." Opp. Mot. Dismiss 4. But these allegations were not pleaded in her Second Amended Complaint. *See* R&R 7 ("Nowhere in the Complaint itself does the Plaintiff allege that Defendant Chrysler knew or should have known of the defects inherent in the airbags at . . . the time of sale.") (quotation marks omitted). Thus, Judge Hawley finds that these new allegations are inconsistent with the Second Amended Complaint and therefore cannot defeat the motion to dismiss. *Id.*

As to the Seventh Cause of Action, Judge Hawley finds that the complaint fails to state an IIED claim that is plausible on its face. *Id.* at 9. He reasons that "[i]f Illinois courts do not recognize a manufacturer's duty to correct, recall, or warn about a defective product postsale, a plaintiff cannot state a claim for IIED where the alleged 'extreme and outrageous' conduct is that precise failure to correct, recall, or warn." *Id.* As to both causes of action, Judge Hawley recommends that Bensenberg be granted leave to amend her complaint "given her new

allegations that [FCA] was apprised of defects inherent in the airbags at or upon release of its airbags into the stream of commerce." *Id.*

The Court finds that the R&R does not contain clear error. *See Johnson*, 170 F.3d at 739. After careful and independent review, the Court concurs with Judge Hawley's recommendation for the reasons set forth in his R&R. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) ("If no party objects to the magistrate judge's action, the district judge may simply accept it."). Accordingly, the R&R is ADOPTED. Judge Hawley's recommendation that Bensenberg be granted leave to amend her complaint is modified, however, in light of her filing, subsequent to the R&R, of a Third Amended Complaint, as discussed below.

**B. Third Amended Complaint**

On June 29, 2018, after Judge Hawley issued the R&R, Bensenberg filed a Third Amended Complaint without leave of court as required by Rule 15(a). ECF No. 19. Rule 15(a)(1) permits a party to amend its pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." In this case, these timeframes have long passed. Thus, to amend her complaint, Bensenberg must proceed under Rule 15(a)(2), which permits amendment "only with the opposing party's written consent or the court's leave." Nothing in the record indicates that the Third Amended Complaint was filed with the opposing party's written consent. And, although the R&R recommends granting Bensenberg leave to amend her complaint, as of June 29, 2018, the R&R had not yet been adopted. Thus, as is, the Third Amended Complaint is not an operative pleading.

The Court construes Bensenberg's Third Amended Complaint as a motion for leave to file an amended complaint. Under Rule 15(a)(2), courts "should freely give leave [to amend] when justice so requires." The Third Amended Complaint drops the negligence claim for failure to recall, retrofit, or warn (the Fifth Cause of Action in the Second Amended Complaint), as well as the IIED claim (the Seventh Cause of Action in the Second Amended Complaint). These are the two causes of action that FCA had moved to dismiss. In all other respects, the Third Amended Complaint appears identical to the Second Amended Complaint.[1] Bensenberg is GRANTED leave to file her Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, the R&R, ECF No. 18, is ADOPTED, and the motion to dismiss, ECF No. 12, is GRANTED. The Fifth and Seventh Causes of Action in the Second Amended Complaint, ECF No. 6, are DISMISSED. Bensenberg's Third Amended Complaint, ECF No. 19, which the Court construes as a motion for leave to file an amended complaint, is GRANTED. The Third Amended Complaint is deemed filed as of the date of this Order. Bensenberg must comply with Rule 15(a)(2) if she wishes to further amend her complaint. FCA must file an answer to the Third Amended Complaint within fourteen days of this Order. *See* Fed. R. Civ. P. 15(a)(3); Oct. 5, 2017 Order.

Entered this 17th day of August, 2018.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

---

[1] The only additional difference apparent to the Court is that the Second Amended Complaint had five exhibits, while the Third Amended Complaint has no exhibits. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward.").